UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

St. Jude Medical S.C., Inc.,                                Civil No. 07-4258 (DWF/AJB)
a Minnesota corporation,

           Plaintiff,

v.                                                  **MEMORANDUM
OPINION AND ORDER**

ELA Medical Inc,
a Delaware corporation, a Division of
Sorin Group; Douglas L. Helm;
Jason B. Zitzer; Andrew Oney;
Elizabeth Corbett; XYZ Company; and
John Doe,

           Defendants.

---

David A. Turner, Esq., Edward F. Fox, Esq., Kevin P. Hickey, Esq., and Paula M. Semrow, Esq., Bassford Remele, PA, counsel for Plaintiff.

Jacob R. Kraus, Esq., Kerry L. Bundy, Esq., Martin S. Chester, Esq., and Randall E. Kahnke, Esq., Faegre & Benson LLP, counsel for Defendants.

---

This matter is before the Court on a Motion to Remand brought by Plaintiff St. Jude Medical S.C., Inc. ("SJM"). For the reasons set forth below, Plaintiff's Motion to Remand is granted.

## BACKGROUND

SJM and its parent company, St. Jude Medical, Inc., develop and market cardiac rhythm management devices in the United States. SJM initially brought this action in the District Court for the Second Judicial District, County of Ramsey, State of Minnesota

(the "state court").  The Verified Complaint asserted causes of action for (1) tortious interference; (2) breach of restrictive covenants; (3) conspiracy; (4) unjust enrichment; and (5) breach of Defendant Corbett's employment agreement.  The Verified Complaint sought injunctive relief as to all of the Defendants.

Based on the Verified Complaint, complete diversity of citizenship did not exist to support jurisdiction in this Court because both SJM and one of the originally-named defendants, Richard Ames, were both citizens of the state of Texas.  However, on October 10, 2007, the state court issued an order granting Defendants' Motion to Dismiss Ames as a Defendant.  Specifically, the state court held that no personal jurisdiction existed to support the action as against Ames.[1]  *St. Jude Med. S.C., Inc. v. ELA Med.*, No. 07-1561, slip op. at 21 (Ramsey County Dist. Ct. Oct. 10, 2007).

Defendants then removed the case to this Court.  In the Notice of Removal, Defendants asserted that because the state court granted the motion to dismiss Ames for lack of personal jurisdiction, diversity for purposes of jurisdiction now existed between SJM and the remaining defendants.  (Notice of Removal, Doc. No. 1, at 1.)

Subsequently, SJM moved to remand the action to state court.  SJM asserts that the action is not removable based on the state court's involuntary dismissal of Defendant Ames.  SJM also seeks attorney fees and costs associated with bringing this motion.

---

[1]   Defendants did not raise the issue of improper or fraudulent joinder before the state court.

## DISCUSSION

**I.     Standard of Review**

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending."  If jurisdiction is based on diversity, the action can only be removed if complete diversity exists and "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1332; 28 U.S.C. § 1441(b).  A case which, as "stated by the initial pleading is not removable" because of, for instance, absence of complete diversity among the parties, may be removed if "a notice of removal [is] filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b).

Pursuant to 28 U.S.C. § 1447(c), a party opposing removal may bring a motion requesting that the federal court remand the case back to state court.  The district court shall remand the case back to state court if it determines that (1) the court lacks subject matter jurisdiction, or (2) the party opposing removal makes a motion based on a defect other than lack of jurisdiction.  28 U.S.C. § 1447(c) (2000); *Martin v. Franklin Capital Corp.*, 126 S. Ct. 704, 707 (2005).  On a motion to remand, the party seeking removal and opposing remand bears the burden of demonstrating federal jurisdiction, and the Court should resolve any doubt as to the propriety of removal in favor of remand.  *In re*

*Bus. Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Transit Cas. Co. v. Certain Underwriters of Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

## II.     State Court's Dismissal of Non-Diverse Defendant

It is undisputed that diversity jurisdiction did not exist at the time this case was commenced in state court. Plaintiff asserts that because Ames was involuntarily dismissed from the action by the state court, the case is not removable on grounds of diversity of citizenship. In support of that proposition, Plaintiff cites *In Re Iowa Mfg. Co. of Cedar Rapids, Iowa*, 747 F.2d 462 (8th Cir. 1984). In *Iowa Mfg.*, the Eighth Circuit established a "bright line test for evaluating removability." *Id*. at 463. Specifically, the court stated:

> If the dismissal of a defendant in state court creates complete diversity between all parties so that the case may be removed to federal court, the propriety of removal is determined according to whether the dismissal was voluntary or involuntary with respect to the plaintiff. In other words, if the plaintiff voluntarily dismisses the non-diverse defendant, the case may be removed. Removal is improper, however, if the dismissal of that resident defendant was involuntary.

*Id*. Plaintiff asserts that under this rule, removal was improper because Plaintiff strongly opposed the dismissal of Ames and the state court's dismissal was involuntary.

Defendants, on the other hand, assert that this case falls under a fraudulent or improper joinder exception to the voluntary-involuntary rule. Specifically, Defendants contend that because the state court judge found that no personal jurisdiction existed over Ames, and that Plaintiff's evidence was "far too attenuated to be persuasive as sufficient contact with Minnesota" to give rise to this action (state court Order at 20), Plaintiff's joinder of Ames was necessarily improper. Thus, Defendants contend that removal is

appropriate.  Defendants rely upon cases such as *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965 (8th Cir. 2007) and *Insinga v. LaBella*, 845 F.2d 249 (11th Cir. 1988) in support of their contention that removal here was appropriate.

*Dahl* does not offer much guidance to the issues raised here.  In *Dahl*, the Eighth Circuit considered the propriety of removal under federal officer jurisdiction pursuant to 28 U.S.C. § 1442(a).  Specifically, the Eighth Circuit addressed whether a decision regarding federal officer jurisdiction in a different case could support removal as an "order or other paper from which it may be ascertained that the case is one which is or has become removable" within the meaning of 28 U.S.C. § 1446(b).  *Dahl*, 478 F.3d at 968.  In deciding the issue, the Eighth Circuit noted, in dicta, that "[f]or example, federal jurisdiction could be created by an amended pleading adding a federal cause of action or an order dismissing a non[-]diverse party."  *Id*. at 969.  There is nothing in *Dahl*, however, that alters the applicability of the involuntary-voluntary rule of *Iowa Mfg*.

In *Insinga*, a case that more closely resembles the facts of this case, the Eleventh Circuit decided that removal was proper after the state court dismissed the non-diverse defendant on the basis of sovereign immunity.  *Insinga*, 845 F.2d at 254.  The court held that a state court's finding that it lacked jurisdiction was akin to a finding of fraudulent joinder, and that such a finding was a "well-established exception to the voluntary-involuntary rule."  *Insinga*, 845 F.2d at 254-55.  Yet *Insinga* has never been adopted by the Eighth Circuit to modify the voluntary-involuntary rule set forth in *Iowa Mfg*. or to broaden the scope of fraudulent joinder in this circuit.

5

Ultimately, the Court sees no reason to depart from *Iowa Mfg*. here. Certainly, the dismissal of Defendant Ames was involuntary. There is no doubt that Plaintiff opposed the motion on the state court level. Based on the bright-line rule set forth in *Iowa Mfg.*, this case is not removable.

Moreover, the Court sees no merit to Defendants' contentions that joinder was somehow improper or fraudulent. The Eighth Circuit has defined fraudulent joinder as "the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (2003). In *Filla*, the Eighth Circuit held that in practice, joinder is fraudulent "when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Id*. at 810 (internal citations omitted). Nothing in the record before the Court suggests that Plaintiff joined Defendant Ames for the purpose of defeating jurisdiction or for any other improper purpose. The state court found that personal jurisdiction over Defendant Ames did not exist, a decision that this Court may or may not have agreed with, but holds no authority to review. Although the Court does not wish to re-litigate that issue, the Court finds that Plaintiff's assertions of personal jurisdiction over Ames were reasonably based in fact and law. *Filla*, 336 F.3d at 810. Further, the Court agrees with Plaintiff that if the Court were to accept Defendants' position that every state court dismissal of a non-diverse defendant for lack of personal jurisdiction is tantamount to a finding of fraudulent or improper joinder, this "exception" would swallow the voluntary-involuntary rule.

6

In conclusion, whether the matter is analyzed under fraudulent joinder or improper joinder, or as an exception to the voluntary-involuntary rule or a freestanding principle, the Court finds that remand is appropriate. Considering the absence of any Eighth Circuit authority supporting a broader reading of the voluntary-involuntary rule or an expansion of the scope of fraudulent joinder, and because the Defendants have not demonstrated that fraudulent joinder applies to defeat removal, removal was improper and remand is appropriate.[2]

### III.   Attorney Fees and Costs

28 U.S.C. § 1447(c) allows the Court to award attorney fees and costs incurred as a result of a removal. The decision to award fees and costs is discretionary with the Court. *See, e.g., Workforce Dev., Inc. v. Corporate Benefit Servs. of Am., Inc.*, 316 F. Supp. 2d 854, 859 (D. Minn. 2004) (Kyle, J.).

Here, the Court finds no basis for an award of attorney fees and costs. Apparently under the strength of cases like *Insinga*, Defendants made a decision to remove the case when perhaps a more conservative read of the Eighth Circuit law surrounding removal may have suggested that they choose to continue to litigate in state court. However, it appears that Defendants in good faith attempted to extend the Eighth Circuit precedent regarding the voluntary-involuntary rule and fraudulent joinder. An award of attorney fees is not merited.

---

[2]   Because the Court finds that remand is appropriate based on the voluntary-involuntary rule and the absence of fraudulent joinder, the Court need not address Plaintiff's assertions regarding the amount in controversy.

Thus, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's Motion to Remand (Doc. No. 4) is **GRANTED IN PART AND DENIED IN PART** as follows:

    a.  Plaintiff's Motion is **GRANTED** to the extent that the case is remanded to District Court for the Second Judicial District, County of Ramsey, State of Minnesota;

    b.  Plaintiff's Motion is **DENIED** as to Plaintiff's request for attorney fees and costs associated with this motion.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: January 17, 2008                    s/Donovan W. Frank
                                           DONOVAN W. FRANK
                                           Judge of United States District Court